FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 27 AM 8: 54
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRANDON R. SPELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 114-011 ) |
| OFFICER RON CODY, et al., | ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate at McDuffie County Detention Center ("MCDC"), commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

In his complaint, Plaintiff names the following Defendants: (1) Officer Ron Cody; (2) Officer Williams; (3) Officer Olliphant; and (4) Sergeant Crawford. (Doc. no. 1, pp. 1, 4.) Taking as true all of the factual allegations in Plaintiff's markedly brief statement of his claims, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that he slipped while coming out of the shower at MCDC on December 23, 2013. (Id. at 5.) Officers Cody and Olliphant picked Plaintiff up and put

him in a wheelchair. (Id.) Plaintiff was then placed in a holding cell, but was not examined until the following day, when he was seen by a nurse rather than a doctor. (Id.) Plaintiff was prescribed medication, but on two separate occasions Officer Olliphant and then Williams gave him the wrong medication. (Id.) Plaintiff filed a grievance about receiving the wrong medication, but states that nothing was done. (Id.)

On January 10, 2014, Plaintiff received a package from the clerk of an unnamed district court that had already been opened. (Id.) The officer who gave the package to Plaintiff, who is not named as a defendant in this lawsuit, told Plaintiff he did not know who had opened the package. (Id.) Plaintiff filed a grievance regarding this issue as well, but again states that nothing was done. (Id.) Plaintiff seeks money damages, and requests that the Court inspect the showers at MCDC. (Id. at 6.)

### B. DISCUSSION

#### 1. The Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

2

allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendant Crawford Should Be Dismissed Because Plaintiff Does Not Allege Any Claims Against Him.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.

3

Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff lists Sgt. Crawford as a defendant, but does not mention him anywhere in the statement of his claims. (See doc. no. 1.) Therefore, Sgt. Crawford should be dismissed from this case.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Serious Medical Needs Against Any Defendant.

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to

4

deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188 (11th Cir.1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353,

1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff's allegations are wholly insufficient to state a deliberate indifference claim. First, Plaintiff fails to allege a medical need that satisfies the first prong. Goebert, 510 F.3d at 1326. Indeed, nowhere in the complaint does Plaintiff allege any medical need—no less a serious one—that arose as a result of his fall, nor does he state the condition for which he was prescribed medication.

Second, Plaintiff fails to satisfy the second prong, as he has not alleged any conduct on the part of the defendants that disregarded a risk to his health and amounted to more than mere negligence. Plaintiff takes issue with Defendants Cody and Olliphant lifting him into a wheelchair, stating "[t]his could have been very dangerous to my health. Suppose I messed my back up." (Doc. no. 1, p. 5.) However, Plaintiff does not explain how Defendants' conduct of lifting him into a wheelchair, presumably to take him for medical examination and treatment, disregarded a risk to his health or constituted more than negligence. Goebert, 510 F.3d at 1326. Likewise, Plaintiff fails to explain why Defendants Olliphant and Williams providing him with the wrong medication amounts to more than mere negligence on their parts. Plaintiff's claim that he was not seen by a nurse until the day after his fall is also insufficient to show deliberate indifference, since Plaintiff's allegations indicate that Defendants did not ignore any risk to his health, but immediately placed him in a wheelchair and ensured that he received treatment.

Third, Plaintiff has failed to satisfy the third prong, as he does not allege any injury caused by Defendants' actions. As to Defendants Cody and Olliphant lifting him into a

6

wheelchair, Plaintiff merely speculates as to an injury he could have—but did not—suffer as a result. Plaintiff also fails to allege any injury he suffered as a result of being given the wrong medication. Indeed, in a grievance attached to the complaint, Plaintiff speculates "what would have happened if I took one and I was given another by Officer Williams and I still have the medication if you want to come get it I will give it to you [sic]." (Doc. no. 1, p. 8.) Thus, it appears Plaintiff never took the wrong medication or suffered any injury as a result of Defendants Olliphant and Williams giving him the wrong medication. Goebert, 510 F.3d at 1326. Plaintiff likewise fails to allege any detrimental effect caused by the one-day delay between his fall and when he was seen by the nurse. Farrow, 320 F.3d at 1247; Hill, 40 F.3d at 1188. Because Plaintiff's threadbare statement of his claims fails to allege any of the three elements necessary to state a claim for deliberate indifference to his serious medical needs, such claims should be dismissed.

4. **Plaintiff Fails to State a Claim Based on His Mail Being Opened.**

Plaintiff's allegation that his mail was opened outside of his presence also fails to state a claim on which relief can be granted. Censorship or opening of prisoner mail can, under certain circumstances, amount to an impermissible restraint of First Amendment liberties. See Procunier v. Martinez, 416 U.S. 396, 413-14 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401, 413 (1989). Specifically, the Eleventh Circuit has held that opening a prisoner's attorney mail outside of his presence before delivering it can amount to a constitutional violation. Al-Amin v. Smith, 511 F.3d 1317, 1333-35 (11th Cir. 2008). Here, however, Plaintiff does not indicate who opened the mail, nor does he claim that it contained attorney correspondence, describing it vaguely

7

as a "package from the Clerk, US District Court . . . ." (Doc. no. 5.) Accordingly, Plaintiff's claim that his mail was opened outside of his presence should also be dismissed. Al-Amin, 511 F.3d at 1333-35; see also Helton v. Baden, No. 1:11-CV-134, 2011 WL 8816145, at *4 (M.D. Ga. Oct. 21, 2011) (screening out claims based on vague allegations that prisoner's mail was opened outside his presence) *report and recommendation adopted by*, 2012 WL 3574357 (M.D. Ga. Aug. 16, 2012).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

8